**Shahid TANVIR, Plaintiff–Appellant,**

v.

**NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Defendant–Appellee.**

No. 02–7458.

United States Court of Appeals, Second Circuit.

Feb. 28, 2003.

Shahid Tanvir, Bronx, New York, for Appellant, pro se.

Cheryl Payer, Assistant Corporation Counsel of the City of New York, New York, New York, for Appellee.

PRESENT: OAKES, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of February, Two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Shahid Tanvir, *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge* ), granting the New York City Health and Hospitals Corporation's ("HHC") motion for summary judgment and dismissing Tanvir's claims that it discriminated and retaliated against him in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and common law. Tanvir alleged that the HHC dis-

criminated against him on account of his race and national origin by transferring him to Bellevue Hospital Center and by not selecting him for various positions within the HHC. In addition, Tanvir alleged that the HHC retaliated against him for a lawsuit he filed in 1993 and for bringing the present action.

Following discovery, the HHC moved for summary judgment. Magistrate Judge Douglas F. Eaton, to whom the matter was referred, found that, *inter alia,* (1) the HHC provided unrebutted, legitimate, non-discriminatory and non-retaliatory reasons for its actions; (2) Title VII's statute of limitations barred one of Tanvir's claims of non-promotion; (3) no rational jury could find that the HHC had improperly discriminated against Tanvir by promoting other, more-qualified candidates; (4) Tanvir failed to provide evidence that he was qualified for the positions he sought or that there was intentional racial discrimination resulting in a violation of his right to "make or enforce contracts" as required by 42 U.S.C. § 1981; and (5) Tanvir failed to provide evidence to support his claims of breach of contract and emotional distress. The magistrate judge recommended that the HHC's motion for summary judgment be granted.

The district court adopted the magistrate judge's recommendations in their entirety and granted the HHC summary judgment. We review grants of summary judgment *de novo,* drawing all factual inferences in favor of the non-moving party. *Harris v. Provident Life & Accident Ins. Co.,* 310 F.3d 73, 78 (2d Cir.2002). After such a review of the record, we AFFIRM for substantially the reasons stated by the district court.